UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RAUL ULISES BADILLO-GUZMAN,<br><br>　　　　　　Defendant. | 1:14-CR-2004-TOR<br><br>Preliminary Order of Forfeiture |

IT IS HEREBY ORDERED THAT:

As the result of the Defendant's guilty plea to violations of 18 U.S.C. § 2251 (a) and 18 U.S.C. § 2251(a),(e), for which the United States sought forfeiture of assets pursuant to 18 U.S.C. § 2253, Defendant, RAUL ULISES BADILLO-GUZMAN, shall forfeit to the United States any property, real or personal, used to commit or to facilitate the commission of such offenses.

The Court has determined, based upon the Defendant's guilty plea, that the following assets are subject to forfeiture pursuant to 18 U.S.C. § 2253 and that the United States has established the requisite nexus between such offenses and the assets described as follows:

　　a)　Dane Elec 8GM thumb drive;
　　b)　Neon yellow thumb drive;
　　c)　Arnova 10GZ tablet computer, Model A101C, No Serial Number;
　　d)　Seagate Expansion portable drive 2TB;
　　e)　Dell Inspiron 1750 laptop, Serial No. FZL6SJ1;
　　f)　Stack of four recordable CDs in cases;

PRELIMINARY ORDER OF FORFEITURE - 1

    g)    Binder with digital evidence – hard drives, CDs and Ipod 32GB, Serial No. 9C9290H9208;
    h)    Digital memory card reader;
    i)    Two USB thumb drives;
    j)    Bag of memory cards;
    k)    Imation USB drive 512 MB;
    l)    USB hidden in ink pen body;
    m)    Homemade surveillance camera with micro SD;
    n)    Additional pieces to pen camera, USB cord;
    o)    Virgin Mobile LG smart phone, Serial No. Unknown;
    p)    Silver Apple Ipod, Serial No. YM94983U72Q;
    q)    Surveillance key fob camera;
    r)    4GB micro SD card; and,
    s)    eMachines D620 laptop computer, serial number LXN230YO46839B11C52200.

Upon the issuance of a Preliminary Order of Forfeiture and pursuant to Fed. R. Crim. P. 32.2(b)(6), and 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 2253, the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified. The Defendant stipulated in his plea agreement that he is the sole owner of the assets and that no one else has an interest in the assets. ECF No. 60 at 13. The Federal Bureau of Investigation has not identified any additional owners or potential claimants therefore, the United States indicates it will not provide direct notice of the preliminary order of forfeiture.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Fed. R. Crim. P. 32.2(c)(2), and 21 U.S.C. § 853(n) as incorporated by 24 U.S.C. § 2461(c), for the filing of third party petitions.

PRELIMINARY ORDER OF FORFEITURE - 2

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment. If no timely claims or petitions are received, the United States will move for the Preliminary Order of Forfeiture to be declared final at or after sentencing

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED December 14, 2015.



THOMAS O. RICE
United States District Judge

PRELIMINARY ORDER OF FORFEITURE - 3