UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO:  1:14-CR-2004-TOR |
|---|---|
| Plaintiff, | |
| v. | ORDER TRANSFERRING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| RAUL ULISIS BADILLO-GUZMAN, | |
| Defendant. | |

BEFORE THE COURT is Defendant's second Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 107).  Defendant

previously filed a motion under 28 U.S.C. § 2255 in August 2017, and a motion to

amend on September 18, 2017.  ECF Nos. 88, 89.  On October 3, 2019, this Court

denied Petitioner's amended motion to vacate.  ECF No. 90.  The Court has

reviewed the present motion, the record, and files herein, and is fully informed.

For the reasons discussed below Defendant's motion (ECF No. 107) will be

transferred to the Ninth Circuit Court of Appeals.

//

## DISCUSSION

The district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(4)(A); see also *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A); Ninth Circuit Rule 22-3(a). Once the applicant files such a motion, the court of appeals then reviews the successive application to determine whether it contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

As previously noted, the Court has already denied Mr. Badillo-Guzman's first motion under 28 U.S.C. § 2255. ECF No. 90. Neither the record nor any evidence submitted by Mr. Badillo-Guzman shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have

jurisdiction to consider his application for relief.  Ninth Circuit Rule 22-3(a)

provides in part,

> If an unauthorized second or successive . . . section 2255 motion is
> submitted to the district court, the district court may, in the interests of
> justice, refer it to the Court of Appeals.

The Court believes it is in the interest of justice to transfer this case to the

Ninth Circuit.  *See also* 28 U.S.C. § 1631.  In general, the Ninth Circuit has taken a

broad view of when transfer is appropriate, recognizing that "[n]ormally transfer

will be in the interest of justice because normally dismissal of an action that could

be brought elsewhere is 'time-consuming and justice-defeating.'"  *Amity*

*Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015)

(citation omitted).  Transferring Mr. Badillo-Guzman's Motion would expedite a

just result in his case.

Accordingly, **IT IS HEREBY ORDERED**:

    1. Mr. Badillo-Guzman's Successive Motion to Vacate, Set Aside or

       Correct Sentence Pursuant to 28 U.S.C. § 2255, filed February 20, 2019,

       ECF No. 107, shall be terminated in this Court and **TRANSFERRED** to

       the Ninth Circuit Court of Appeals for determination of whether his

       Motion should be authorized pursuant to 28 U.S.C. § 2255(h).

    2. Mr. Badillo-Guzman is advised that this transfer will not itself constitute

       compliance with 28 U.S.C. § 2255 and Circuit Rule 22-3(a).  Mr.

Badillo-Guzman must still file an application for leave to proceed with the Ninth Circuit and make the showing required by § 2255. The Clerk of the Court shall send Mr. Badillo-Guzman a copy of the Ninth Circuit **Form 12**.

3. The corresponding civil file, 1:19-CV-3034-TOR, shall be **CLOSED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** February 27, 2019.



THOMAS O. RICE
Chief United States District Judge

ORDER TRANSFERRING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4